IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHILLIP BYRD,

                Plaintiff,

v.

CHRIS BUESGEN and GERALD VAN ERT,

                Defendants.

OPINION and ORDER

23-cv-64-jdp

---

      Plaintiff Phillip Byrd, proceeding without counsel, is a prisoner at Stanley Correctional Institution (SCI). This lawsuit has been removed from the circuit court for Dane County. I granted Byrd leave to proceed on an access-to-the-courts claim and a Wisconsin-law negligence claim against defendant Warden Chris Buesgen for preventing him from filing what would have been a meritorious postconviction motion in a criminal case, and on a retaliation claim and a negligence claim against SCI education director Gerald Van Ert for falsely charging him with threats in response to the letter he wrote Van Ert. Dkt. 19. This order addresses several filings by the parties.

A. **Scope of Byrd's claims**

      After I issued an order screening Byrd's claims and dismissing many of his claims and defendants named in his amended complaint, Byrd asked for reconsideration of that order, in particular my dismissal of various claims against inmate complaint examiners. Dkt. 23. He followed by twice asking for leave to amend his complaint, Dkt. 24 and Dkt. 40, along with two proposed amended complaints, Dkt. 32 and Dkt. 41. In filing his proposed third amended complaint he asked to withdraw his proposed second amended complaint so I will consider that complaint withdrawn.

I may grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). I will grant his motion for leave to amend his complaint and I will consider his third amended complaint as the operative pleading. What follows is my analysis of various claims that he discusses in his motion for reconsideration and in his third amended complaint. He restates the claims against Buesgen and Van Ert on which I have already allowed him to proceed, so I will not discuss those in detail again here.

Byrd's new complaint is long (58 pages) and somewhat difficult to follow. He names 31 SCI or Department of Corrections staff as defendants. But he doesn't explain what each of them did to violate his rights. I will dismiss the defendants for which Byrd does not explain a connection between their conduct and his harm. He also does not explain who took some of the actions that he alleges harmed him, such as confiscating legal books, so he can't proceed on claims directly about those actions.

Byrd clarifies how defendant Institution Complaint Examiner Claire Hickey-Wilbur was involved in retaliating against him: he alleges that she breached DOC rules about confidentiality of grievances by telling Van Ert about Byrd's grievances against him. Although violation of a prison regulation in itself doesn't violate the Constitution, *see Pulera v. Sarzant*, 966 F.3d 540, 551 (7th Cir. 2020), I can infer that Hickey-Wilbur did so to retaliate against Byrd for filing grievances. So I will grant Byrd leave to proceed on a First Amendment retaliation claim against Hickey-Wilbur. Byrd also attempts to bring Wisconsin-law negligence claims against each of the defendants. His retaliation allegations against Hickey-Wilbur also support a negligence claim.

In my previous screening order, I denied Byrd leave to proceed on most of his claims against Van Ert for retaliating against him by fabricating conduct reports because it appeared

that Byrd had conceded that he had actually violated prison rules for all but one of the charges. Dkt. 19, at 5 ("even if a prison official held retaliatory intent, a plaintiff cannot maintain a retaliation claim for a conduct report given for legitimate reasons"). But Byrd now clarifies that he did not violate prison rules and that Van Ert fabricated the conduct reports purely as retaliation for his grievances. I will allow Byrd to proceed on retaliation and negligence claims against Van Ert for issuing a series of conduct reports against him. Byrd also alleges that Van Ert confiscated his USB drive and tampered with his legal work to retaliate against him. This also states retaliation and negligence claims.

Byrd attempts to assert claims under additional legal theories about these events. He contends that he may bring a substantive due process claim for receiving falsified conduct reports. Courts have suggested that such a claim may be possible where the false charges were issued in retaliation for the exercise of a constitutional right. *Lagerstrom v. Kingston*, 463 F.3d 621, 625 (7th Cir. 2006); *Black v. Lane*, 22 F.3d 1395, 1402–03 (7th Cir. 1994). But as I stated in the previous screening order, he doesn't allege that he was deprived of a liberty or property interest sufficient to trigger due process protections. Dkt. 19, at 4–5. And in any event I am already allowing him to proceed on First Amendment retaliation claims against Van Ert, so a retaliation-based due process claim would give Byrd no benefit.

Byrd contends that he was singled out for discrimination. His allegations that Hickey-Wilbur identified him to Van Ert and that Van Ert repeatedly fabricated retaliatory conduct reports against him could support a Fourteenth Amendment equal protection claim under a "class of one" theory. A plaintiff may bring a class-of-one equal protection claim for being treated "intentionally . . . differently from others similarly situated" for no rational reason. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 799 (7th Cir. 2015) (quoting *Vill. of Willowbrook v.*

3

*Olech*, 528 U.S. 562, 564 (2000)). I will allow Byrd to proceed on class-of-one equal protection claims against Hickey-Wilbur and Van Ert.

Byrd also states that defendants Holloway, McShane, and Reed issued additional retaliatory false conduct reports against him. But he doesn't explain how those conduct reports were connected to prison rules denying him of access to the court or to Van Ert's retaliation. He alleges that there was a general "campaign of harassment" against him at the prison but that is far too conclusory to connect these claims to the events that are the subject of this lawsuit. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) ("It is the conclusory nature of respondent's allegations . . . that disentitles them to the presumption of truth."); *see also* Fed. R. Civ. P. 20(a)(2) ("claims must arise out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."). So Byrd cannot include those claims in this lawsuit.

Byrd lists 27 inmate grievances he filed and I take him to be contending that complaint examiners contributed to his lack of access to the courts and the retaliation and discrimination against him by rejecting or dismissing all of his grievances and appeals. But as I told him in my previous order, grievance examiners generally do not violate the Constitution merely by reviewing a grievance and failing to give the plaintiff the relief he seeks. Dkt. 19, at 2–3. Nothing in his motion for reconsideration or third amended complaint persuades me that he states claims against any of the examiners except the claims against defendant Hickey-Wilbur that I have addressed above.

Byrd also alleges that before removal, defendants' counsel in this case ordered SCI staff to disregard a state circuit court order allowing Byrd to use release account funds to pay for expenses in litigating this case. But counsel isn't a defendant, and this case is not about efforts

4

to block Byrd from litigating this lawsuit. So he cannot proceed on a claim about this incident. I also note that I have already told Byrd that this federal court does not have authority to issue an injunction against prison officials under state law forcing them to allow the use of his release account to pay for legal materials. Dkt. 19, at 9.

Given Byrd's repeated attempts at amending his complaint, it is possible that he'll ask to amend his complaint again. If he does, I'll consider under Rule 15(a)(2) whether justice requires further amendment. But if he does attempt to amend his complaint further, he may not file another extremely long and complete proposed amended complaint. Instead, he should submit a supplement to the operative complaint containing his new allegations and proposed causes of action and stating which specific defendants he means to sue for each proposed claim, along with a separate motion explaining what claims he is trying to add to the complaint and why he is doing so this late in the proceedings.

**B. Byrd's motions for partial summary judgment**

Before his most recent attempts to amend the complaint, Byrd moved for partial summary judgment on his claims against Van Ert. Dkt. 30. Along with his third amended complaint he again moves for partial summary judgment. Dkt. 42. I will deny the first motion as superseded by the second.

Defendants ask to set their deadline for responding to this motion to the same date as their own deadline to file a motion for summary judgment on exhaustion grounds (currently set at 28 days after issuance of this order). I will grant that motion; the briefing schedule is set forth in the order below.

5

**C. Byrd's motions for preliminary injunctive relief**

Byrd seeks preliminary injunctive relief asking for an order barring defendants and SCI staff from interfering with his prosecution of this lawsuit. Dkt. 20 and Dkt. 35. Byrd seeks return of two legal books that were confiscated by SCI staff and for staff to stop restricting his law library access or otherwise harassing him. I denied similar motions filed by Byrd earlier in this case, stating that "he hasn't shown reason for the court to take the rare step of intervening in prison mailing or library procedures; his multiple filings in this case suggest that his access to this court is not being blocked." Dkt. 19, at 8. My response to Byrd's current motions is much the same: Byrd has been able to file multiple lengthy and detailed complaints and various motions, so it is clear that he is not being blocked from litigating this case. His complaint about the confiscation of his legal books belongs in a separate lawsuit. I will deny his motions for injunctive relief.

**D. Other filings**

Byrd has requested a copy of the docket sheet. Dkt. 47. I will direct the clerk of court to send him a copy.

Byrd has filed a motion to compel discovery. Dkt. 49. I will set briefing on that motion.

ORDER

IT IS ORDERED that:

1. Plaintiff Phillip Byrd's motion for leave to amend his complaint, Dkt. 24, and proposed second amended complaint, Dkt. 32, are WITHDRAWN.

2. Plaintiff's motion for reconsideration of the court's previous screening order, Dkt. 23, is GRANTED in part.

3. Plaintiff's motion for leave to amend his complaint, Dkt. 40, is GRANTED. Dkt. 41 is the operative complaint.

6

4. Plaintiff is now GRANTED leave to proceed on the following claims:

    - Access-to-the-court and Wisconsin-law negligence claims against defendant Chris Buesgen.

    - Retaliation, class-of-one equal protection, and Wisconsin-law negligence claims against defendant Gerald Van Ert.

    - Retaliation, class-of-one equal protection, and Wisconsin-law negligence claims against defendant Claire Hickey-Wilbur.

5. The Department of Justice may have until September 3, 2024, to inform the court whether it will accept service for defendant Hickey-Wilbur.

6. The remaining defendants are DISMISSED.

7. Plaintiff's first motion for partial summary judgment, Dkt. 30, is DENIED as superseded by his second motion.

8. Defendants' motion for an extension of time, Dkt. 46, is GRANTED. Defendants may have until September 16, 2024, to respond to plaintiff's second motion for partial summary judgment. Plaintiff may have until September 26, 2024, to reply. Defendants may have until September 16, 2024, to file an exhaustion-based summary judgment motion.

9. Plaintiff's motions for preliminary injunctive relief, Dkt. 20 and Dkt. 35, are DENIED.

10. Defendants may have until August 29, 2024, to respond to plaintiff's motion to compel discovery. Plaintiff may have until September 9, 2024, to reply.

11. The clerk of court is directed to send plaintiff a copy of the docket sheet.

Entered August 15, 2024.

                         BY THE COURT:

                         /s/

                         _____
                         JAMES D. PETERSON
                         District Judge