IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHILLIP BYRD,

                Plaintiff,

v.

CHRIS BUESGEN and GERALD VAN ERT,

                Defendants.

ORDER

23-cv-64-jdp

---

    Plaintiff Phillip Byrd, proceeding without counsel, is a prisoner at Stanley Correctional Institution. Byrd alleges that prison staff blocked him from filing a postconviction motion, confiscated his legal materials, and retaliated against him by issuing him false disciplinary reports. I previously denied Byrd's motion for partial summary judgment and granted defendants' exhaustion-based partial summary judgment motion. Dkt. 103. Byrd seeks reconsideration of that decision and has filed several other motions.

**A. Motion for reconsideration**

    Byrd moves for reconsideration of various aspects of my March 17 order. Dkt. 115. Byrd contends that I erred in granting defendants' motion for partial summary judgment on exhaustion grounds, stating that defendants did not include with their exhibits all of Byrd's grievances that he believes exhausted his claims. Byrd lists several grievance numbers and summaries of the underlying claims in those grievances, but those grievances are not part of the court record.

    Byrd appears to be under the impression that he was entitled to wait until a formal court hearing to present that evidence, but that is incorrect. It was his responsibility to present the evidence supporting his arguments along with his summary judgment opposition materials;

the court would hold a hearing only if the parties submitted evidence showing that there was a dispute of material fact. That wasn't the case here. Even now Byrd has not submitted those grievances as evidence to support his argument, and in any event his summaries of those grievances do not suggest that they involve the specific claims against defendants Hickey-Wilbur and Buesgen that were the subject of defendants' exhaustion-based summary judgment motion. I will deny Byrd's motion for reconsideration of my order dismissing those claims.

Byrd also seeks reconsideration of the portion of my order denying two of his motions to compel discovery. *See* Dkt. 103, at 9–10. But he rehashes the arguments I already rejected in my previous order and argues the substance of his second motion to compel even though I denied that motion on procedural grounds: he filed it before defendants had an adequate opportunity to respond to his discovery requests. I will deny this portion of Byrd's motion for reconsideration.

Byrd also seeks sanctions against defendants under 28 U.S.C. § 1927, contending that they "multiplie[d] the proceedings . . . unreasonably and vexatiously." He cites as support for this motion defendants' requests for an extension of time to oppose Byrd's motion for partial summary judgment and for an extension of time to file a dispositive motion (both of which the court granted, Dkt. 50 and Dkt. 96), and defendants three separate dispositive motions (an exhaustion-based motion for summary judgment, Dkt. 71, a motion for judgment on the pleadings, Dkt. 89, and a motion for summary judgment on substantive grounds, Dkt. 109). I will deny his motions for sanctions. This court explicitly provides an opportunity for defendants in prisoner cases to bring a separate exhaustion-based summary judgment motion early in the proceedings, and their decision to file both a motion for judgment on the pleadings and for summary judgment on substantive grounds is not vexatious. If Byrd means to seek

2

reconsideration of the court's orders granting defendants' motions for extension of time, that motion is denied: such requests are commonplace in this court among both plaintiffs and defendants, and granting defendants more time in this case has not prejudiced Byrd.

Byrd also asks for "a more detailed clarification of what is specifically granted." Dkt. 115, at 1. In my March 17 order, I granted defendants' motion for partial summary judgment regarding all of Byrd's claims against defendant Hickey-Wilbur and Byrd's federal-law and state-law claims against defendant Buesgen for allowing staff to falsely charge him with violations of regulations. I also denied Byrd's own motion for partial summary judgment. That leaves the following claims still active in this case:

- An access-to-the-courts claim and a Wisconsin-law negligence claim against defendant Warden Chris Buesgen for preventing him from filing what would have been a meritorious postconviction motion in a criminal case.

- Retaliation claims, "class-of-one" equal protection claims, and negligence claims against SCI education director Gerald Van Ert for (1) repeatedly fabricating conduct reports against him in response to a letter he wrote Van Ert and grievances that he filed; and (2) confiscating his USB drive and tampering with his legal work.

### B. Motion for sanctions

Byrd moves to sanction defendants for filing what he believes was a frivolous motion for partial summary judgment on exhaustion grounds. Dkt. 102. The motion for sanctions was still being briefed when I granted defendants' exhaustion-based summary judgment motion, so I've already concluded that defendants' motion wasn't frivolous. Byrd doesn't provide any reason for me to reconsider that decision other than restate his argument that defendants didn't provide all of the grievance records that he believes are relevant. But it was Byrd's responsibility to counter defendants' evidence with his own evidence, which he failed to do. There's no reason

to reconsider my decision granting partial summary judgment to defendants. I will deny Byrd's motion for sanctions.

C. Motions to compel discovery

Byrd has two pending motions to compel discovery. Dkt. 88 and Dkt. 116. Both relate to evidence that Byrd seeks about defendant Van Ert's departure from employment with the DOC. Van Ert responded to an interrogatory by stating that he retired from state service, but in another brief defendants referred to Van Ert's "employment termination," Dkt. 66, at 1. Byrd seeks Van Ert's disciplinary records, which defendants say are irrelevant for purposes of summary judgment and might matter at trial only for purposes of credibility. This court ordinarily defers production of DOC-employee disciplinary records until after claims have survived summary judgment. But if Van Ert was terminated from state employment because of incidents with Byrd or like those that Byrd alleges, those records could be relevant to Byrd's claims at summary judgment. So I will grant Byrd's motions to compel in limited fashion: defendants must produce any of Van Ert's disciplinary records connected to his termination to the court for in-camera review. If those records are arguably relevant to Byrd's claims against Van Ert, I will order that they be produced to Byrd.

D. Motions for hearing and for recruitment of counsel

Byrd moves the court to hold a hearing to consider issues regarding discovery, exhaustion, and defendants' motion for judgment on the pleadings. Dkt. 105 and Dkt. 119. But this court generally resolves motions on the parties' written submissions unless there is a disputed issue of material fact that must be resolved. Byrd hasn't shown that a hearing is necessary to resolve any pending issue in this case.

4

Byrd states that he is unsure what procedures to follow in responding to defendants' motion for summary judgment after the court didn't require defendants to file proposed findings of fact to support their exhaustion-based motion for partial summary judgment. There is no need for a hearing to resolve that question: although parties are allowed to use more informal procedures for exhaustion-based summary judgment motions, defendants now move for summary judgment on the merits of their remaining claims, and both sides are required to follow the procedures set forth in the court's preliminary pretrial conference order, *see* pages 2–8 of the materials attached to the court's preliminary pretrial conference order, Dkt. 37. In particular, Byrd is required to respond to each of defendants' numbered proposed findings of fact, and he is permitted to submit his own proposed findings. I will direct the clerk of court to send Byrd another copy of these materials, and I will grant him a short extension of his summary judgment response deadline.

Byrd also renews his request for the court's assistance in recruiting him counsel. Dkt. 118, but nothing about the relative complexity of this case or Byrd's litigation of the case thus far persuades me the case will be too difficult for him to litigate. I will deny his motion.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for reconsideration, Dkt. 115, is DENIED.

2. Plaintiff's motions for sanctions, Dkt. 102 and Dkt. 115, are DENIED.

3. Plaintiff's motions to compel discovery, Dkt. 88 and Dkt. 116, are GRANTED in part as discussed in the opinion above. Defendants may have until May 9, 2025, to produce any responsive DOC disciplinary records to the court in camera.

4. Plaintiff's motions for a hearing, Dkt. 105 and Dkt. 119, are DENIED.

5. Plaintiff's renewed motion for recruitment of counsel, Dkt. 118, is DENIED.

6. Plaintiff's deadline to file his summary judgment response materials is extended to May 16, 2025. Defendants' reply date is extended to May 23, 2025.

7. The clerk of court is directed to send plaintiff a copy of the attachments to this court's preliminary pretrial conference order.

Entered May 2, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge