IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHILLIP BYRD,

                          Plaintiff,

          v.                                                                ORDER

CHRIS BUESGEN and GERALD VAN ERT,                    23-cv-64-jdp

                          Defendants.

---

　　　　Plaintiff Phillip Byrd, proceeding without counsel, is a prisoner at Stanley Correctional Institution. Byrd alleges that prison staff blocked him from filing a postconviction motion, confiscated his legal materials, and retaliated against him by issuing him false disciplinary reports. This case was removed from the Circuit Court for Dane County. I previously denied Byrd's motion for partial summary judgment and granted defendants' exhaustion-based partial summary judgment motion. Dkt. 103. This order concerns defendants' motion for partial judgment on the pleadings and Byrd's motions regarding briefing of defendants' summary judgment motion.

ANALYSIS

The following claims remain in the case:

- An access-to-the-courts claim and a Wisconsin-law negligence claim against defendant Warden Chris Buesgen for preventing him from filing what would have been meritorious postconviction motions in criminal cases.

- Retaliation claims, "class-of-one" equal protection claims, and negligence claims against education director Gerald Van Ert for (1) repeatedly fabricating conduct reports against him in response to a letter he wrote Van Ert and grievances that he filed; and (2) confiscating his USB drive and tampering with his legal work.

## A.  Byrd's motions

Defendants have filed both a motion for partial judgment on the pleadings, Dkt. 89, and a motion for summary judgment on substantive grounds, Dkt. 109. The motion for judgment on the pleadings is fully briefed, but Byrd continues to file motions stalling the progress on briefing on the summary judgment motion. I have previously denied Byrd's motions for reconsideration of my order granting partial summary judgment to defendants on exhaustion grounds, to sanction defendants for vexatiously multiplying the proceedings, for recruitment of counsel, and to reinstate some of his claims. Dkt. 120 and Dkt. 124. I also granted Byrd's motion to compel production of defendant Van Ert's disciplinary records in part by having defendants submit those records to the court in camera, Dkt. 120, at 4, but after reviewing those records I ruled that defendants need not produce those records to Byrd at this point of the proceedings because they were not relevant to Byrd's claims, Dkt. 124, at 1. I twice granted Byrd extensions of his summary judgment opposition deadline. Dkt. 120 and Dkt. 125.

Instead of filing summary judgment opposition materials, Byrd has filed two more motions implicitly seeking further extensions of time. In the first motion, Byrd moves the court to "demand evidence for defendants' proposed findings of fact in support of summary judgment." Dkt. 126. In particular, he starts by asking for defendant Van Ert's disciplinary records. Byrd's motion crossed in the mail with my previous ruling denying his request for these records. So I will deny this part of his motion as moot.

Byrd also states that Van Ert is lying in his declaration, which is the main piece of evidence supporting defendants' motion for summary judgment. He asks the court to require defendants to produce other evidence in support of their motion for summary judgment. I will

deny that portion of his motion because it is not this court's role to tell a party what evidence to submit in support of a motion. If Byrd believes that Van Ert's declaration doesn't adequately support his proposed findings of fact or that there is other evidence that disputes Van Ert's declaration, it is Byrd's responsibility to make those arguments and submit that evidence along with his summary judgment opposition materials. Byrd should have been collecting this evidence through the discovery process, and if necessary, by motions to compel discovery. I will not extend the schedule further to accommodate new discovery requests or motions to compel.

Byrd also moves for a ruling on defendants' motion for judgment on the pleadings before he must respond to their motion for summary judgment. Dkt. 127. The briefing schedules on these two motions overlapped, and nothing in those schedules or later orders suggested that the court would rule on the motion for judgment on the pleadings before briefing the summary judgment motion, so Byrd should not have waited until now to request a further stay of summary judgment briefing. Nonetheless, to advance the case, I will grant Byrd's motion and consider the motion for judgment on the pleadings.

## B. Defendants' motion for partial judgment on the pleadings

Defendants move for judgment on the pleadings on Byrd's access-to-the-courts and negligence claims against Buesgen and Byrd's retaliation and negligence claims against Van Ert regarding his confiscation of Byrd's USB drive and his tampering with Byrd's legal work.

### 1. Access to the courts

Byrd proceeds on an access-to-the-courts claim against defendant Buesgen based on allegations that Buesgen enforced staffing law library and mailing policies that hampered Byrd's ability to file meritorious postconviction motions in two of his criminal cases, Dane County

Case No. 14CF618 and Rock County Case No. 11CF963. Defendants move for judgment on the pleadings on this claim, contending that it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Byrd contends that it's too late to file a motion for judgment on the pleadings. This is incorrect: defendants may file such a motion as long as it's "early enough not to delay trial," Federal Rule of Civil Procedure 12(c). Defendants' motion was timely.

To succeed on an access-to-the-courts claim, Byrd would have to show that he suffered a "legally cognizable harm," meaning that he would have to show that the outcome of his postconviction proceedings would have been different had his access to the courts not been hampered. *Hoard v. Reddy*, 175 F.3d 531, 533–34 (7th Cir. 1999) ("where the prisoner is complaining about being hindered in his efforts to get his conviction set aside . . . he cannot get damages until the conviction is invalidated"). Under *Heck*, a prisoner may not bring a suit for damages under 42 U.S.C. § 1983 like this one that would necessarily imply the invalidity of his conviction "unless and until the inmate obtains favorable termination of a state, or federal habeas challenge to his conviction or sentence." *Burd v. Sessler*, 702 F.3d 429 (7th Cir. 2012) (*overturned on other grounds by Savory v. Cannon*, 947 F.3d 406 (7th Cir. 2020)). In *Burd*, a plaintiff's access-to-courts claim was barred by *Heck* because it would imply the invalidity of his conviction. The same is true here: because Byrd's convictions have not yet been invalidated, he cannot bring an access-to-the-courts claim regarding interference with his postconviction motions. That claim will be dismissed without prejudice.

## 2. Other claims

Defendants also seek judgment on the pleadings on *Heck* grounds regarding Byrd's allegations that Van Ert retaliated against him by confiscating his USB drive and tampering with his legal work. The allegations in Byrd's operative pleading, Dkt. 41 and Dkt 59, are

overlong and are not a model of clarity. But I take him to be saying that Van Ert tampered with his USB drive containing his legal work in March 2023 and confiscated his USB drive in February 2024. In neither of those incidents do Bryd's allegations make clear that the harm that Byrd suffered was the loss of his postconviction proceedings, so I will deny defendants' motion for judgment on the pleadings regarding these claims.

Byrd also brings negligence claims regarding Buesgen's and Van Ert's actions. But *Heck* applies to federal-law claims brought under 42 U.S.C. § 1983, and defendants do not cite any authority suggesting that I can extend *Heck* to Wisconsin-law claims. I will deny their motion for judgment on the pleadings regarding these claims.

## C. Conclusion

My partial grant of defendants' motion for judgment on the pleadings leaves the following claims still active in this lawsuit:

- A Wisconsin-law negligence claim against defendant Warden Chris Buesgen for preventing him from filing what would have been a meritorious postconviction motions in criminal cases.

- Retaliation claims, "class-of-one" equal protection claims, and negligence claims against education director Gerald Van Ert for (1) repeatedly fabricating conduct reports against him in response to a letter he wrote Van Ert and grievances that he filed; and (2) confiscating his USB drive and tampering with his legal work.

I will grant Byrd a short final extension of time to respond to defendants' summary judgment motion. This extension is short because Byrd should already have been working on these materials. I will not grant Byrd any further extensions of time. I understand that some of the delay in briefing the summary judgment motion has been caused by relatively lengthy times for Byrd's mailed submissions to reach the court. But I will not entertain any further motions by Byrd seeking reconsideration of my rulings or asking that defendants produce evidence to him or the court. Byrd may not file a motion and expect that the summary judgment briefing

is stayed pending a ruling. Byrd is required to place his summary judgment opposition materials in the prison mainstream by the deadline set below, or I will deem defendants' motion to be unopposed.

This extension of the briefing schedule makes the July 21 trial date impossible. I will strike that date and the pretrial-submission deadlines. The court will set a new schedule should any of Byrd's claims survive summary judgment.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for the court to order defendants submit further evidence, Dkt. 126, is DENIED.

2. Plaintiffs' motion for a ruling on defendants' motion for judgment on the pleadings, Dkt. 127, is GRANTED.

3. Defendants' motion for judgment on the pleadings, Dkt. 89, is GRANTED in part as discussed in the order above.

4. The schedule is amended as follows: plaintiff's deadline to respond to defendants' motion for summary judgment is now June 17, 2025. Defendants' reply deadline is now June 27, 2025. The trial date and associated pretrial-submission deadlines are STRUCK and will be rescheduled should any of plaintiff's claims survive summary judgment.

5. Counsel for defendants is directed to ensure that Stanley Correctional Institution staff print a copy of this order for plaintiff's immediate review.

Entered May 27, 2025.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge