IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHILLIP BYRD,

                    Plaintiff,

          v.                                                        ORDER

CHRIS BUESGEN, GERALD VAN ERT,                                    23-cv-64-jdp
and CLAIRE HICKEY-WILBUR,

                    Defendants.

---

Plaintiff Phillip Byrd, proceeding without counsel, is a prisoner at Stanley Correctional Institution. Byrd alleges that prison staff blocked him from filing a postconviction motion, confiscated his legal materials, and retaliated against him by issuing him false disciplinary reports. I granted summary judgment to defendants on Byrd's remaining federal-law claims, relinquished jurisdiction over his state-law claims, and remanded the case to state court. Dkt. 151. Byrd moves to alter or amend the judgment, Dkt. 155, and he has filed a notice of appeal, Dkt. 156, along with a motion for leave to proceed on appeal without prepaying the entire filing fee, also known as "in forma pauperis" status, Dkt. 158, and a motion to pay the filing fee from his prison release account, Dkt. 159. For the reasons stated below, I will deny Byrd's motion for reconsideration and direct him to submit a copy of his six-month trust fund account statement so that I can determine whether he qualifies for in forma pauperis status.

ANALYSIS

A.  Motion to alter or amend the judgment

Byrd seeks reconsideration of my summary judgment order; I will consider that motion as one to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Relief

under this provision is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion is successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact; or (2) that newly discovered evidence precludes entry of judgment. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013).

Byrd's motion doesn't meet this standard. Byrd contends that I erred in deciding how to consider his summary judgment materials; at the outset of my summary judgment opinion I stated the following:

> Byrd did not follow this court's summary judgment procedures by submitting responses to defendants' proposed findings of fact in which he includes his version of the facts and cites evidence supporting his version. *See* attachment to Dkt. 37, at 4. Instead he conclusorily lists his various objections to many of defendants' facts or states that he disputes those facts without explaining his own version of the facts. Nor does he submit his own proposed findings of fact responding to defendants' summary judgment motion. So most of defendants' proposed findings are undisputed. *Id., see also United States v. 5443 Suffield Ter., Skokie, Ill.*, 607 F.3d 504, 510 (7th Cir. 2010) ("it was not the district court's job to sift through the record and make [nonmovant's] case for him"). But I will consider the proposed findings that Byrd submitted supporting his own motion for partial summary judgment (which I denied, Dkt. 103).

Dkt. 151, at 2.

Byrd argues that he did submit responses to defendants' proposed findings of fact at Dkt. 132, that he otherwise "submitted hundreds of pages of evidence," and that I inappropriately considered his proposed findings from his own motion for summary judgment that I had previously denied. Dkt. 155, at 1–2.

Byrd's argument isn't persuasive. I did not overlook Byrd's proposed findings at Dkt. 132; rather, I examined them and concluded they did not comply with the court's

procedures because he listed only conclusory objections without citing to evidence supporting his objections. I did consider his properly filed findings supporting his previous motion for summary judgment, which could have only benefited him. I did not err in declining to pore over the voluminous raw evidence submitted by the parties; it was Byrd's task to follow this court's procedures by using his proposed findings to point to the specific evidence supporting his claims. I will deny his motion to alter or amend the judgment.

## B. Appeal

Byrd seeks in forma pauperis status for his appeal and he seeks an order allowing him to use his release account funds to pay the fee. I can't tell whether Byrd qualifies for in forma pauperis status from a financial standpoint. I will require Byrd to submit a copy of his six-month trust fund account statement so that the court may calculate an initial partial payment of the filing fee of this case as required under 28 U.S.C. § 1915(b)(1).

Regardless his financial situation, Byrd wouldn't be able to proceed in forma pauperis if his appeal is "not taken in good faith." Section 1915(a)(3). An appeal is taken in good faith if "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). I do not intend to certify that his appeal is taken in bad faith.

As for Byrd's motion to use release-account funds, if I conclude that he may proceed in forma pauperis and I assess him an amount to pay as an initial partial payment of the appellate filing fee, then he may arrange with prison authorities to pay some or all of this amount from his release account. But this court otherwise does not have the authority to tell state officials whether a prisoner should be able to withdraw money from a release account. *See Carter v.*

*Bennett*, 399 F. Supp. 2d 936, 936–37 (W.D. Wis. 2005). I'll rule on Byrd's motions regarding his appeal after receiving his financial information.

## ORDER

IT IS ORDERED that:

1. Plaintiff's motion to alter or amend the judgment, Dkt. 155, is DENIED.

2. Plaintiff may have until May 6, 2026, to submit a certified trust fund account statement for the six-month period preceding the filing of the appeal.

Entered April 15, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge